GEORGE OPDYKE, Respondent, *v.* JOHN S. PROUTY, Appellant.

*Evidence — Counter-claim — lease — damage because of want of repair of demised premises.*

Appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

This action was brought to recover rent unpaid, and for damages sustained by the failure of the defendant to surrender the demised premises in the condition, in which the plaintiff was entitled to receive them at the expiration of the lease. The case on the part of the plaintiff was satisfactorily proved, and no question was made as to the validity of the demand made by him. But the defendant insisted upon an allowance, by way of counter-claim, for damages sustained by injuries to his stock from water in the sub-basement, and from a water pipe extending from the roof through the apartments occupied by him, to the street sewer. His claim

was rejected as not the proper subject of a counter-claim, and his counsel excepted to the decision, by which that disposition of it was made.

The lease from the plaintiff to the defendant was in writing, subscribed by the parties, and it contained no agreement or covenant by which the risk of injury to the defendant's goods from water, was imposed upon, or assumed by the plaintiff. The foundation of the counter-claim, as it was asserted in the answer, was that the plaintiff owned the building containing the demised premises, and that the leader and pipes extending from the roof to the sewer had been negligently constructed, improperly connected, and of a size wholly insufficient, in consequence of which the water overflowed from them and the pipes and sinks connected with them, into the defendant's premises, causing great injury to his goods.

The General Term *held*, that as the defendant took the premises as they were when the lease was made, and agreed to pay the rent reserved for their use in that condition, if his goods were injured by such use, no obligation rested upon the plaintiff to recompense him for such injury. The loss was his own, and the risk of it had been assumed by him from the manner in which the premises had been taken. (Taylor's Land. and Tenant [2d ed.], §§ 327–329, and cases referred to; *Cleves* v. *Willoughby*, 7 Hill, 83; *Jaffe* v. *Harteau*, 56 N. Y., 398; *Lockrow* v. *Horgan*, 58 id., 635.) That as the evidence failed to show any negligence or lack of proper care or precaution on the part of the plaintiff, the defendant was not entitled to recover. That, though it was not intended to be affirmed that the reason given by the court for the rejection of the counter-claim was in any respect erroneous, yet even if it were, the decision made was fully justified by the facts in the case, which were all before the court, and that a correct decision would not be reversed because it may have been founded upon a wrong reason. (*Monroe* v. *Potter*, 22 How., 49.)

*Morris & Hillhouse*, for appellants. *Livingston K. Miller*, for respondent.

Opinion by DANIELS, J. DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.